### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

CHARLES B. JACKSON,

    Petitioner,

v.

                                      No. 20-cv-242 MV-LF

TIMOTHY HATCH,
ATTORNEY GENERAL OF
STATE OF NEW MEXICO,

    Respondents.

### LIMITED ORDER TO ANSWER

This matter is before the Court on Petitioner Charles Jackson's 28 U.S.C. § 2241 habeas corpus petition (Doc. 1) (Petition). Jackson challenges his state convictions for trafficking a controlled substance. The Court reviewed the Petition and determined it should be construed under 28 U.S.C. § 2254. The Petition attacks the validity of the state conviction, rather than the execution of the state sentence under § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Having reviewed the Petition pursuant to Habeas Corpus Rule 4, it appears to present a "mixed pleading." Certain "issues have been properly presented to the highest state court" - satisfying the habeas exhaustion requirement - but others have not. *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999).

On direct appeal, Jackson filed a certiorari petition with the New Mexico Supreme Court (NMSC). *See* Certiorari Petition in Case No. S-1-SC-37909; *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records in ... other courts"). The state certiorari petition presented the following questions for review:

    1. As a matter of evident first impression, since restitution is inherently punishment, is a trial court authorized to *cumulate* the crime victims' reparation fees when the imprisonment

> terms are ordered to run *concurrently*?
> 2. Is a defendant denied due process where law-enforcement authorities withhold exculpatory information consisting of text-messages about the transactions for which the defendant is convicted?
> 3. Alternatively to Issue 2, is a defendant denied effective assistance of counsel where his trial counsel does not sufficiently investigate the facts regarding the withholding of exculpatory information?
> 4. Where an indigent defendant is denied a trial transcript, handicapping the proper argument and resolution of constitutional claims, does a want of equal protection occur under *Douglas v. California,* 372 U.S. 353 (1963)?

Certiorari Petition in Case No. S-1-SC-37909 (emphasis in original). Together, the Court will refer to the above questions as the "Appellate Issues." The state court's electronic filing system, known as "SOPA," reflects that Jackson did not file any NMSC certiorari proceedings aside from that case. *See* https://securecourtcaseaccess.nmcourts.gov/.

The instant § 2254 Petition raises the Appellate Issues, which were properly exhausted. (Doc. 1 at 4-5, 13). However, the Petition also raises various other issues, such as: (a) ineffective assistance of counsel based on limited meetings and phone conversations; (b) prosecutorial misconduct based on the failure to disclose audio recordings; (c) failure to transport Jackson to grand jury proceedings; (d) discovery violations; (e) laboratory discrepancies; and (e) insufficient evidence to support the conviction. (Doc. 1 at 5-14).

The Court will order Respondents to file a limited answer addressing exhaustion, and in particular the apparent discrepancies between the state certiorari petition and the § 2254 Petition. If Respondents determines the Petition is mixed, containing both exhausted and unexhausted claims, they shall also take a position on how to proceed. When faced with a "mixed petition" the Court may:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4)

ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).  Respondents must file their limited answer within thirty (30) days of entry of this Order.

Jackson shall file a reply brief within thirty (30) days of entry of Respondents' limited answer on exhaustion.  Jackson's reply brief should address Respondents' position on how to handle any mixed petition.   For example, if Respondents ask the Court to dismiss the unexhausted claims and proceed with the exhausted claims, Jackson should weigh in on whether he is willing to limit his § 2254 action to the four Appellate Issues listed in his state certiorari petition.  If, on the other hand, Jackson wishes to prosecute all federal claims raised in the § 2254 Petition, he can ask the Court to dismiss this case without prejudice so that he can return to state court to finish the exhaustion process.  If Jackson fails to timely file a reply to Respondents' exhaustion-brief, the Court may decide how to proceed without his input.

**IT IS ORDERED** that the Clerk **FORWARD** copies of this Order and the Petition (Doc. 1) to Respondent Attorney General of the State of New Mexico (AG);

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, the AG shall file a limited response addressing exhaustion and, if appropriate, take a position on how to address the mixed Petition.

**IT IS FINALLY ORDERED** that Jackson shall file a reply brief within thirty (30) days after entry of the AG's response brief.

_____
UNITED STATES MAGISTRATE JUDGE