IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES B. JACKSON III,

    Petitioner,

v.                                                                      1:20-cv-00242-MV-LF

TIMOTHY HATCH, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on petitioner Charles B. Jackson III's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] (Doc. 1), filed March 17, 2020. The Court ordered Respondents to file a limited answer addressing whether Mr. Jackson had properly exhausted the issues raised in his petition. Doc. 8 at 2. Respondents filed their answer to the petition on August 17, 2020. Doc. 11. Mr. Jackson filed a reply brief on September 15, 2020. Doc. 12. On March 8, 2021, United States District Judge Martha Vazquez referred this case to me pursuant 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. Doc. 16. Having considered the parties' submissions, the relevant law, and the record in this case, I conclude that Mr. Jackson included both exhausted and unexhausted claims in his federal habeas petition. Therefore, his application must be treated as a mixed petition. For the reasons

---

[1] Mr. Jackson filed his petition on the form entitled "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus." *See* Doc. 1. The Court, however, determined that his petition should be construed under 28 U.S.C. § 2254 because it attacked the validity of the state conviction rather than the execution of the state sentence under § 2241. *See* Doc. 8 at 1 (citing *McIntosh v. U.S. Parole* Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

discussed below, I recommend that the Court give Mr. Jackson thirty (30) days after an order adopting the Proposed Findings and Recommended Disposition ("PFRD") to voluntarily dismiss his unexhausted claims and proceed on his exhausted claim. If he does not dismiss his unexhausted claims, I recommend that the Court dismiss his entire petition without prejudice.

I.  **Procedural Background**

On July 27, 2018, a jury in the Third Judicial District for the State of New Mexico found Mr. Jackson guilty of two counts of trafficking controlled substances (methamphetamine) by distribution (Counts 1–2), both second degree felonies. Doc. 11-1 at 42–43 (Exh. D); Doc. 11-2 at 1 (Exh. G). On October 17, 2018, the state district court sentenced Mr. Jackson to a term of ten years of imprisonment, to be followed by two years on parole. Doc. 11-2 at 2 (Exh. G).

A. **Direct Appeal**

On November 16, 2018, Mr. Jackson filed a notice of appeal. *Id*. at 6 (Exh. H). Mr. Jackson raised three issues on appeal: (1) the trial court erred in denying his Motion to Dismiss for Prosecutorial Misconduct and Lack of Due Process, which alleged that an officer deleted exculpatory text messages and recordings; (2) he received ineffective assistance of trial counsel because trial counsel failed to pursue his allegations of missing text messages and audio tampering by the undercover agent; and (3) there was insufficient evidence to convict him because of a "possible discrepancy between the [drug] analyst's name and her signature on the chain of custody form," a "purported discrepancy between the weight of the narcotics seized and the weight that was tested by the analyst," and the lack of any photo showing Mr. Jackson's control over the narcotics that were the basis of his conviction. *Id*. at 23 (Exh. J). On August 15, 2019, the New Mexico Court of Appeals affirmed Mr. Jackson's conviction. *Id*. at 41–45 (Exh. M).

Mr. Jackson petitioned the New Mexico Supreme Court for a writ of certiorari, presenting the following questions for review:

> 1. As a matter of evident first impression, since restitution is inherently punishment, is a trial court authorized to *cumulate* the crime victims' reparation fees when the imprisonment terms are ordered to run *concurrently*?
>
> 2. Is a defendant denied due process where law-enforcement authorities withhold exculpatory information consisting of text messages about the transactions for which the defendant is convicted?
>
> 3. Alternately to Issue 2, is a defendant denied effective assistance of counsel where his trial counsel does not sufficiently investigate the facts regarding the withholding of exculpatory information?
>
> 4. Where an indigent defendant is denied a trial transcript, handicapping the proper argument and resolution of constitutional claims, does a want of equal protection occur under **Douglas v. California**, 372 U.S. 353 (1963)?

Doc. 11-3 at 3 (Exh. N). On October 25, 2019, the New Mexico Supreme Court denied the petition for writ of certiorari. *Id*. at 12-13 (Exh. O). The New Mexico Supreme Court issued its mandate to the state district court on December 24, 2019. *Id*. at 20 (Exh. Q).

### B. Petitioner's Section 2254 Claims

Mr. Jackson filed his federal petition for habeas corpus relief under 28 U.S.C. § 2254 on March 17, 2020. Doc. 1. In his petition, Mr. Jackson asserts six broad grounds for relief: (1) ineffective assistance of counsel; (2) narcotics agents withheld exculpatory evidence; (3) prosecutorial misconduct; (4) the state trial court failed to provide him with due process; (5) he did not take the stand on his own behalf; (6) the text messages he alleges to be missing can be obtained with a court order.[2] *Id*.

---

[2] Mr. Jackson titled this as "ground seven," but his petition does not contain a ground six. *See* Doc. 1 at 20–21.

Respondents Timothy Hatch, Warden, and Hector Balderas, the Attorney General for the State of New Mexico, contend that Mr. Jackson has filed a mixed petition, containing both exhausted and unexhausted claims. Doc. 11 at 6–9. Respondents ask the Court to address the merits of all of Mr. Jackson's claims—including those that he has not exhausted—because they are "without merit" and "subject to dismissal with prejudice notwithstanding non-exhaustion." *Id*. at 13–14. I agree that Mr. Jackson has filed a mixed petition. However, I do not recommend that the Court address Mr. Jackson's unexhausted claims. Instead, I recommend that the Court permit Mr. Jackson the opportunity to dismiss his unexhausted claims and to proceed with his exhausted claims.

## II.  Exhaustion of State Court Remedies

A state prisoner generally must exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").

"The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation omitted). A federal issue is exhausted if it "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present his or her claims to

4

the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Id*.; *Demarest*, 130 F.3d at 932 (citation and quotation omitted). While a petitioner may present "bits of evidence" to a federal court that were not presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Demarest*, 130 F.3d at 932 (citation and quotation omitted). The exhaustion requirement applies to both unexhausted claims, and portions of claims. *Jernigan v. Jaramillo*, 436 F. App'x 852, 855–56 (10th Cir. 2011) (unpublished).

Habeas petitions that contain both exhausted and unexhausted claims are called "mixed" petitions. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). Mr. Jackson has filed a mixed petition, as explained more fully below.

### A. Ineffective Assistance of Counsel

In Count 1 of his petition in this Court, Mr. Jackson alleges

(1) ineffective assistance of counsel due to

   a. trial counsel failing to "look into missing text messages";
   b. trial counsel failing "to interview or hear Mr. Jackson's side of events";
   c. trial counsel failing to investigate "two diff[e]rent signatures on the forensic labor[a]tory reports" and "discrep[ancies] in the weight" of the narcotics used as evidence in his case;
   d. trial counsel failing to bring up discrepancies in log dates for the narcotics;
   e. trial counsel failing to "bring up missing audio";
   f. trial counsel allowing the jury to "listen to the audio and review evidence" while neither Mr. Jackson nor counsel was "present in the courtroom";
   g. trial counsel failing to object after Deputy Lopez "testified[] twice to the missing text messages";
   h. trial counsel failing to object when Agent John Rubio "testified to there being a 50/50 chance the drugs were already in the vehicle and a 50/50 chance the transactions never to[ok] place";
   i. trial counsel agreeing that forensic scientist Alexandra Moninger did not need to testify;

      j. trial counsel filing "a false docketing statement stating that he had conducted pretrial interviews with the officers prior to a June 12, 2018 plea ag[]re[e]ment trial"; and

      k. trial counsel and appellate counsel filing "false docketing statement[s] stating that "[D]eputy Chris Lopez denied that any text messages or audio had be[en] deleted" and that "forensic scientist Alexandra Moninger testified."

Doc. 1 at 3–4, 14–16.

      Respondents argue that Mr. Jackson has only exhausted sub-claim (1)(a)—that trial counsel was ineffective for failing to investigate the missing text messages. Doc. 11 at 6. Respondents assert that Mr. Jackson failed to raise any of the other ineffective assistance of counsel sub-claims in state court. *Id*. For the reasons explained below, I agree with Respondents.

      In his direct appeal, Mr. Jackson's arguments about ineffective assistance of counsel were limited to arguing that trial counsel was ineffective for failing "to further investigate Mr. Jackson's allegations that the text messages had been deleted or the audio had been tampered with by the undercover agent." Doc. 11-2 at 23 (Exh. J). The New Mexico Court of Appeals proposed summary affirmance because "the record contain[ed] nothing to support [Mr. Jackson's] claim that recordings were lost or destroyed," and therefore he had not "made a prima facie showing of ineffective assistance of counsel." *Id.* at 28 (Exh. K). The New Mexico Court of Appeals ultimately affirmed based on the reasons stated in the notice of proposed summary disposition. *Id*. at 44 (Exh. M). In his petition for certiorari to the New Mexico Supreme Court, Mr. Jackson framed the issue as whether "a defendant is denied effective assistance of counsel where his trial counsel does not sufficiently investigate the facts regarding the withholding of exculpatory information." Doc. 11-3 at 8 (Exh. N). That petition raised only the issue of the "withheld text messages." *Id.* In his petition for certiorari, Mr. Jackson did not raise any argument about the audio files. *See* Doc. 11-3 at 1–11 (Exh. N).

6

Mr. Jackson only exhausted sub-claim 1(a) of his ineffective assistance of counsel sub-claims—that his trial counsel was ineffective for failing to investigate or "look into" the missing text messages. Mr. Jackson has not exhausted any of the other ineffective assistance of counsel sub-claims. Mr. Jackson did not "properly present" the other claims of ineffective assistance of counsel that he has included in his federal habeas petition "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534; *see also Smallwood v. Gibson,* 191 F.3d 1257, 1267 (10th Cir. 1999) ("Although petitioner raised an ineffective assistance of counsel claim on direct appeal, he based it on different reasons than those expressed in his habeas petition. Indeed, petitioner has not properly raised before the state courts any of the bases upon which his current ineffective assistance of counsel claims rely. Thus, petitioner has failed to exhaust his ineffective assistance of counsel claims."). Mr. Jackson did not raise claims (1)(b), (1)(c), (1)(d), (1)(f), (1)(g), (1)(h), (1)(i), or (1)(k) in his direct appeal. And, although Mr. Jackson raised claim (1)(e) before the New Mexico Court of Appeals, he did not appeal that issue "to the highest state court." *Dever*, 36 F.3d at 1534. Thus, of his ineffective assistance of counsel claims, Mr. Jackson has exhausted only sub-claim (1)(a). He has not exhausted any of his other ineffective assistance of counsel claims.[3]

### B. Agents Withheld Exculpatory Evidence

In Count 2 of his petition in this Court, Mr. Jackson alleges

(2) narcotics agents involved in his case "withheld exculpatory evidence" that would have proved "narcotics agents filed false laboratory reports":

   a. agents withheld "text messages between [him] and Sheriff of Dona Ana County Chris Lopez that would have proved [he] aborted the transactions he was charged with on July 27, 2018";

---

[3] Indeed, Mr. Jackson acknowledges that he "did not exhaust remedies to Ground One because the attorneys I was provided with by the state of New Mexico failed to state these things in my state appeal and Supreme Court statements." Doc. 1 at 4.

      b. agents withheld "audio" that would have proved he "aborted the transactions on both dates of April 7, 2016 and April 13, 2016";
      c. Agent John Rubio "filed false laboratory reports" as evidenced by the different signatures for forensic scientist Alexandra Moninger, and discrepancies in the weights (between what he was charged with and what was listed on the laboratory reports).

Doc. 1 at 5, 17.

Respondents argue that Mr. Jackson only exhausted sub-claim (2)(a) but did not exhaust sub-claim (2)(b) or (2)(c). Doc. 11 at 6–7. For the reasons explained below, I agree with Respondents.

In his direct appeal before the New Mexico Court of Appeals, Mr. Jackson argued in his docketing statement that an officer "deleted text messages and recordings that would have been exculpatory." Doc. 11-2 at 23. In his petition for certiorari to the New Mexico Supreme Court, however, Mr. Jackson argued only that due process was denied when law enforcement withheld "exculpatory information **consisting of text messages** about the transactions for which the defendant is convicted." Doc. 11-3 at 3 (emphasis added). Thus, only sub-claim (2)(a) is exhausted. Mr. Jackson did not "properly present" his other allegations of agent misconduct "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. Mr. Jackson's sub-claims (2)(b) and (2)(c) are therefore not exhausted.[4]

    **C. Prosecutorial Misconduct**

In Count 3 of his petition, Mr. Jackson alleges

(3) prosecutorial misconduct and lack of due process due to

      a. prosecutors failing to investigate the missing text messages;
      b. prosecutors failing to provide him with "full discovery," including full audio recordings;
      c. prosecutors failing to have forensic scientist Alexandra Moninger testify;

---

[4] Mr. Jackson admits that he did not exhaust all remedies relating to ground two and that his attorneys "did not raise these grounds." Doc. 1 at 5.

8

> d. prosecutors using "false laboratory reports and false supplemental reports" containing date and drug weight discrepancies.

Doc. 1 at 6, 18.

Respondents argue that Mr. Jackson has not exhausted any of these claims. Doc. 11 at 7. I agree. In his docketing statement at the New Mexico Court of Appeals, Mr. Jackson alleged that the district court erred in denying his Motion to Dismiss for Prosecutorial Misconduct and Lack of Due Process, in which he alleged that an officer deleted exculpatory text messages and recordings. Doc. 11-2 at 23. In his petition for writ of certiorari to the New Mexico Supreme Court, however, Mr. Jackson challenged only whether he was denied "due process where **law enforcement authorities** withhold exculpatory information consisting of text messages." Doc. 11-3 at 3 (emphasis added). Nothing in the petition for writ of certiorari challenges the actions of the prosecutors in his case. Mr. Jackson did not "properly present" his allegations of prosecutorial misconduct "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. Thus, the Court finds that claims (3)(a), (3)(b), (3)(c), and (3)(d) have not been exhausted.

### D. Trial Court Errors/Denial of Due Process

In Count 4 of his petition, Mr. Jackson alleges

(4) trial court error and lack of due process based on

> a. the trial court failing to transport him to his grand jury indictment;
> b. the trial court failing to heed his allegations of missing text messages;
> c. the trial court failing to heed his allegations of missing audio communications;
> d. the trial court failing to heed his allegations of discrepancies in the forensic laboratory reports;
> e. the trial court allowing the jury to hear audio evidence while neither he nor his attorney were present;
> f. the trial court allowing the State to forego testimony by forensic technician Alexandra Moninger and admitting the evidence without her

testimony.

Doc. 1 at 7, 19.

Respondents assert that Mr. Jackson "arguably raised" and exhausted sub-claims (4)(b) and (4)(c). Doc. 11 at 7–8. They argue that he failed to raise any of the other sub-claims. *Id*. Having reviewed Mr. Jackson's direct appeal, the Court finds that Mr. Jackson has exhausted only sub-claim (4)(b). The Court does not agree with Respondents that Mr. Jackson exhausted sub-claim (4)(c). In his direct appeal to the New Mexico Court of Appeals, Mr. Jackson argued that an officer "deleted text messages and recordings that would have been exculpatory." Doc. 11-2 at 23. In his petition for certiorari to the New Mexico Supreme Court, however, Mr. Jackson argued only that due process was denied when law enforcement withheld "exculpatory information **consisting of text messages** about the transactions for which the defendant is convicted." Doc. 11-3 at 3 (emphasis added). There is nothing in the petition for writ of certiorari alleging any error based on missing audio communications. *See* Doc. 11-3 at 1–12 (Exh. N). Thus, sub-claim (4)(c) is not exhausted. The Court agrees with Respondents that Mr. Jackson has not exhausted sub-claims (4)(a), (4)(d), (4)(e), and (4)(f). Mr. Jackson did not "properly present" these sub-claims "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. The Court therefore finds that Mr. Jackson has exhausted sub-claim (4)(b) but has not exhausted sub-claims (4)(a), (4)(c), (4)(d), and (4)(e), and (4)(f).

### E. Failure to Take the Stand at Trial

In Count 5 of his petition, Mr. Jackson states that he "did not take the stand on his own behalf." Doc. 1 at 20. He states he "did not testify on his own behalf" because he "was le[]d to believe that the prosecuting attorney would charge [him] with perjury for every time he said he

10

did not sell the narcotics he was charged with." *Id*. Mr. Jackson admits that he did not exhaust his judicial remedies related to this count. *Id*. Respondents agree that Mr. Jackson did not exhaust this count. Doc. 11 at 8. The Court finds that these allegations were not presented to the state courts and are, therefore, not exhausted.[5]

### F. The Missing Text Messages Can Be Obtained with a Court Order

In Count 6 of his petition, Mr. Jackson informs the Court of the various ways he could obtain the missing text messages—including "with or through a court order." Doc. 1 at 21. He also informs the Court that he has filed a civil rights case based on his allegations of "tampering with evidence and lack of due process." *Id*. Respondents argue that Mr. Jackson did not exhaust these issues. Doc. 11 at 9. The Court agrees that these allegations were not presented to the state courts by Mr. Jackson and are, therefore, not exhausted.[6]

## III. Mixed Petition

As discussed above, Mr. Jackson has filed a mixed petition containing both exhausted and unexhausted claims. This Court has limited options when presented with a mixed petition:

> (1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

*Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted).

I do not recommend dismissal of the mixed petition in its entirety. Those in custody pursuant to the judgment of a state court have a one-year statute of limitations to file a federal

---

[5] Because the Court finds the allegations to be unexhausted, the Court does not analyze whether Mr. Jackson sufficiently alleges a cause of action.

[6] Because the Court finds the allegations to be unexhausted, the Court does not analyze whether Mr. Jackson sufficiently alleges a cause of action.

habeas claim. *See* 28 U.S.C. § 2244(d). Federal habeas petitions do not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). If the Court were to dismiss the current habeas petition to allow Mr. Jackson to exhaust his claims in state court, his application would be time-barred were he to try to return to federal court. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005) ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations") (citing *Duncan*, 533 U.S. at 181–82). Thus, dismissing Mr. Jackson's petition would push this case well past the limitations period.

Similarly, the "stay and abeyance" mechanism is not appropriate in this case. This method is only available if petitioner can: (1) show good cause for failing to exhaust his claims in state court; and (2) show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Mr. Jackson has presented no argument that there is "good cause" to excuse his failure to present his unexhausted claims to the state court, and nothing in the pleadings before the Court points to the existence of the requisite good cause.

Although Respondents ask the Court to select the fourth option, i.e., to ignore the exhaustion requirement altogether and deny the petition on the merits, I believe the better course is the third option because it provides Mr. Jackson "with the choice of returning to state court to exhaust his claims or amending . . . the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

### IV. Procedural Default

In general, "when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued." *Demarest*, 130 F.3d at 939 (citation omitted). However, if the state court would not entertain the petitioner's unexhausted claims because of a procedural bar, "there is a procedural default for the purpose of federal habeas review."[7] *Id.* Procedural default occurs only if the state court would refuse to hear the claim based on an "independent and adequate state procedural ground." *Smallwood*, 191 F.3d at 1268. To be independent, a state ground must "rely on state law rather than federal law." *Id.* To be adequate, a state ground must be "strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (citation and quotation marks omitted); *see also Walker v. Martin*, 562 U.S. 307, 316 (2011) (stating that state grounds must be "firmly established and regularly followed" to be adequate).

The Court finds Mr. Jackson's unexhausted claims are not procedurally defaulted. Respondents do not argue that any of Mr. Jackson's claims are procedurally defaulted. *See* Doc. 11. Mr. Jackson may be able to raise the claims he has not yet presented to the New Mexico state courts in a state habeas petition. There is no statute of limitations in New Mexico that would prevent him from filing a state habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 195, 164 P.3d 72, 76. Ordinarily, "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, 5 F. App'x 831, 833 (10th Cir. 2001) (unpublished) ("[G]rounds omitted in the prior proceedings are deemed waived.") (quoting *State v. Gillihan*,

---

[7] A federal court may apply an "anticipatory procedural bar" to "an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002).

13

1974-NMSC-060, ¶ 10, 86 N.M. 439, 440, 524 P.2d 1335, 1336).  However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial."  *Id*. (citing *Gillihan*, 1974-NMSC-060, ¶ 11, 86 N.M. 439, 440, 524 P.2d 1335, 1336).  Thus, New Mexico courts may find that Mr. Jackson's unexhausted claims are not precluded from review under the doctrine of fundamental error.  Because there is still a possibility of state review of these claims, in the interest of comity, the Court finds that these claims are not procedurally defaulted.  *See, e.g., Demarest*, 130 F.3d at 939 (stating that courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that both the exhaustion requirement and the doctrine of procedural default are "grounded in principles of comity," and that "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"); *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

## **RECOMMENDED DISPOSITION**

For the reasons discussed above, I recommend that the Court allow Mr. Jackson to amend his petition to include only his exhausted claims.  If Mr. Jackson chooses not to amend his petition, I recommend that the Court dismiss his petition in its entirety without prejudice.  If Mr. Jackson chooses not to amend his petition, he should bear in mind that the one-year statute of

14

limitations applies to all of the exhausted grounds in his petition, and any future federal habeas petitions on these grounds likely would be time barred.

Mr. Jackson has exhausted only the following three sub-claims:

- (1)(a) ineffective assistance of counsel due to trial counsel failing to "look into missing text messages";
- (2)(a) narcotics agents involved in his case "withheld exculpatory evidence" consisting of "text messages between [him] and Sheriff of Dona Ana County Chris Lopez that would have proved [he] aborted the transactions he was charged with on July 27, 2018";
- (4)(b) trial court error and lack of due process based on the trial court failing to heed his allegations of missing text messages.

All of Mr. Jackson's remaining claims and sub-claims are not exhausted. If Mr. Jackson wishes to proceed with his habeas petition solely on his three exhausted sub-claims, he must file a document so stating within thirty (30) days of the Court adopting this recommendation. If he fails to timely file a document voluntarily dismissing his unexhausted claims within thirty (30) days of the Court adopting this recommendation, I recommend that the Court dismiss his entire petition without prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge