IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES B. JACKSON III,

    Petitioner,

v.                                                                                          1:20-cv-00242-MV-LF

TIMOTHY HATCH, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 27) and petitioner Charles B. Jackson, III's objections to the PFRD (Doc. 30). Respondents did not file any objections or a response to Mr. Jackson's objections, and the time for doing so has now passed. Having reviewed the record in this case, the Court overrules Mr. Jackson's objections, adopts the magistrate judge's findings and recommendations, and dismisses Mr. Jackson's case with prejudice.

**I.**      **Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court generally will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and

specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Mr. Jackson is proceeding pro se. The Court therefore construes his objections "liberally" and holds him "to a less stringent standard" than objections "drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court "may not rewrite [Mr. Jackson's objections] to include [objections] that were never presented." *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (internal citation and alteration omitted). It is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. This Court only "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party's objections must be "specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060.

**II.    Discussion**

First, the Court finds that the bulk of Mr. Jackson's objections merely restates information already considered by the magistrate judge in making her recommendations. *See* Doc. 30. This is evidenced by the fact that Mr. Jackson repeatedly "reiterates" and "reminds" the Court of arguments he already made in his petition. *See, e.g.*, Doc. 30 at 1 ("Mr. Jackson would like to reiterate to the courts that he continuously told his defense attorney about the missing text messages. . . ."); ("Mr. Jackson would like to remind the courts of the two times Mr. Jackson's defense attorney asked the state court for a continuance . . . ."); *id*. at 2 ("Mr. Jackson can only remind the courts that he was the one texting Deputy Lopez."); *id.* at 4 ("Mr. Jackson would like to remind the courts that he was the one rec[ei]ving and sending the text message

with [D]eputy [L]opez . . . ."); *id.* at 3 ("Mr. Jackson would like to reiterate [D]eputy [L]opez['s] testimony on pg. 43 that we discussed everything via text."). The bulk of Mr. Jackson's objections reiterates the facts and arguments raised in his habeas petition, but fails to raise any "objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel*, 73 F.3d. at 1060. Indeed, Mr. Jackson's objections never explicitly refer to the magistrate judge's PFRD. Those portions of his objections that merely restate facts and arguments already considered by the magistrate judge are insufficient to preserve any issues for de novo review. *Id*.

Second, Mr. Jackson takes exception to the New Mexico Court of Appeals' ("NMCA") finding that he failed to present any evidence about the missing text messages. Doc. 30 at 2. The magistrate judge discussed the NMCA's denial of Mr. Jackson's ineffective assistance of counsel claim:

> The NMCA denied Mr. Jackson's ineffective assistance of counsel claim based on its finding of fact that Mr. Jackson failed to present any evidence showing that the allegedly missing text messages exist. The NMCA reasoned that "the record contains nothing to support [Mr. Jackson's] claim that recordings were lost or destroyed. Absent such support, [Mr. Jackson] cannot be said to have made a prima facie showing of ineffective assistance of counsel." Doc. 11-2 at 28 (citing *State v. Holly*, 2009-NMSC-004, ¶¶ 35–37, 145 N.M. 513, 201 P.3d 844 ("holding that a defendant failed to make a prima facie showing of ineffective assistance of counsel, where nothing on the record supported his claim that the prosecution had failed to disclose recordings to the defense . . . ")). The NMCA's reasoning is consistent with federal case law, which holds that the failure to present any evidence showing that counsel erred is fatal to an ineffective assistance of counsel claim. *See Cummings*, 506 F.3d at 1228–29 (rejecting a failure to investigate claim where petitioner presented "no actual evidence" to support his assertions, noting that petitioner's "allegations amounted to little more than speculation").

Doc. 27 at 13. The magistrate judge concluded that Mr. Jackson failed to show any error in the NMCA's analysis that would entitle him to habeas relief. *Id*. at 12–16. In his objections, Mr. Jackson argues that he cannot "show any evidence to the missing text message[s] when they

3

have all been deleted. And the only way to get such evidence is to obtain any and all text message[s] from each of the phone carrier[s] used by Mr. Jackson and Deputy Lopez." *Id.* Mr. Jackson's objection is based on the difficulties of obtaining evidence, but also is an acknowledgement of the lack of evidence supporting his claim. Having conducted a de novo review of this portion of the PFRD, the Court finds no error in the magistrate judge's analysis on this issue and overrules Mr. Jackson's objection.

Finally, Mr. Jackson states that he "would object when the courts state he is misle[]d or misunderstood when it comes to [D]eputy [L]opez['s] testimony at trial." Doc. 30 at 4. The magistrate judge analyzed Mr. Jackson's argument as follows:

> Mr. Jackson claims that the trial transcripts he submitted show that Deputy Lopez admitted at trial that he deleted text messages from April 7, 2016, and April 13, 2016. Doc. 12 at 2 ("Agent Lopez's blatant [ad]mission to the missing text messages having to do with the trafficking transaction was not just an [ad]mission to the missing text messages but an open and apparent [ad]mission not only to a Brady violation (see *Brady vs. Maryland*) but an apparent [ad]mission to tampering with evidence."). But the trial transcripts cited by Mr. Jackson contain no such admissions by Deputy Lopez. Deputy Lopez only admits that not all of the text messages were introduced into evidence at trial. *See* Doc. 1 at 22 (Agent Lopez admitted that there were texts other than the three pages introduced at trial); Doc. 1 at 26 (Agent Lopez again admitted that the three pages introduced at trial did not constitute all the texts he exchanged with Mr. Jackson). Mr. Jackson illogically concludes that the fact that the state did not introduce all of the text messages at trial means that exculpatory evidence was deleted or not produced. Nothing requires the state to introduce all of the text messages at trial in order to prove its case. The duty to disclose exculpatory evidence, *see Brady v. Maryland,* 373 U.S. 83 (1963) and NMRA, Rule 5-501, is different than the state's burden of proof at trial. The fact that Deputy Lopez testified that not all of the text messages he exchanged with Mr. Jackson were introduced at trial is not evidence that the state deleted or failed to provide exculpatory evidence.

Doc. 27 at 15–16. Mr. Jackson argues that he did not misunderstand Deputy Lopez's testimony. Doc. 30 at 4 ("Mr. Jackson is also aware of the fact that not everything or not all of the text messages were introduced at trial."). Instead, he now asserts that he "is in possession of the discovery that was used in trial and not in trial" and that "not all [of] the text messages were

4

given" in discovery. *Id.* The NMCA, however, found that Deputy Lopez denied deleting any text messages, and there was nothing in the record that supported Mr. Jackson's claim to the contrary. Doc. 11-2 at 27. Moreover, the prosecutor stated that the State had complied with its discovery obligations. Doc. 27-1. This Court is limited to reviewing the record as it stood before the state courts. *Cullen v. Pinholster*, 563 U.S. 179, 180–81 (2011). The magistrate judge correctly determined that Mr. Jackson failed to show that the state court's decision denying his ineffective assistance of counsel claim was "based on an unreasonable determination of the facts" on the record before it. Doc. 27 at 12.[1] The magistrate judge thoroughly discussed the NMCA's analysis of the issue. *Id.* at 13–14. Finally, the magistrate judge explained why the trial transcript excerpts cited by Mr. Jackson did not constitute an admission by Deputy Lopez that he deleted text messages. *Id.* at 15–16. The Court agrees with the magistrate judge's analysis and overrules Mr. Jackson's objections.

IT IS THEREFORE ORDERED that Mr. Jackson's objections (Doc. 30) are overruled and the PFRD (Doc. 27) is ADOPTED by the Court. Mr. Jackson's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is DENIED and this case is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Mr. Jackson is not entitled to a certificate of appealability.

IT IS SO ORDERED.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Mr. Jackson raises no objections to the magistrate judge's determination that he failed to show that the state court-proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" such that he would be entitled to relief under 28 U.S.C. § 2254(d)(1).